# **EXHIBIT B**

Case 4:21-cv-01741 Document 1-2 Filed on 05/26/21 in TXSD Page 2 of 9

1167041

Harris County - County Civil Court at Law No. 1

4/5/2021 12:00 AM
Teneshia Hudspeth
County Clerk
Harris County

NO. _____

| | | |
|---|---|---|
| **SAGNI JIRATA** | § | IN THE COUNTY COURT AT LAW |
| **Plaintiff,** | § | |
| | § | |
| V. | § | NO. _____ |
| | § | |
| **WALMART INC** | § | |
| **Defendant.** | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Sagni Jirata, hereinafter called Plaintiff, complaining of and about Walmart Inc, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Sagni Jirata, is an Individual whose address is 6233 Gulfton Street # 3073, Houston, Texas 77081.

3. The last three numbers of Sagni Jirata's driver's license number are 940. The last three numbers of Sagni Jirata's social security number are 325.

4. Defendant Walmart Inc, a foreign corporation licensed to do business in Texas as a foreign corporation, may be served by serving its registered agent with process at the following address: CT Corporation System, 1999 Bryan Street Ste 900, Dallas Texas 75201. Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

7. This court has jurisdiction over the parties because Defendant is a Texas resident.

8. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

9. At all times material hereto, Defendant Walmart Inc was the owner of the premises located at 9460 W Sam Houston Pkwy S, Houston, TX 77099.

10. On or about April 7, 2019, Sagni Jirata was an Invitee on property controlled by the Defendant, and was injured under the following circumstances: in the course of shopping and reaching for a box on a top shelf, the box fell on him injuring his neck head and back.

**LIABILITY OF DEFENDANT WALMART INC**

11. At all times mentioned herein, Defendant Walmart Inc owned the property in question, located at 9460 W Sam Houston Pkwy S, Houston, TX 77099.

12. At all times mentioned herein, Defendant Walmart Inc had such control over the premises in question that Defendant Walmart Inc owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

13. On or about April 7, 2019, Sagni Jirata was an Invitee on the premises owned by the Defendant when Sagni Jirata was injured as a result of the acts and omissions of the Defendant.

**LIABILITY OF DEFENDANT WALMART INC**
**UNDER GENERAL NEGLIGENCE THEORY**

14. Defendant owed Sagni Jirata and others similarly situated the duty to provide assistance in acquiring boxes on high shelf or not put large heavy boxes on upper shelves where there is a reasonable probability that the box may falll injuring a customer.

15. Defendant breached said duty by socking and stacking heavy products in such a manner as to become a hazard to customers.

## PROXIMATE CAUSE

16. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

17. Defendant Walmart Inc's acts or omissions described above, when viewed from the standpoint of Defendant Walmart Inc at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Walmart Inc had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Walmart Inc.

## DAMAGES FOR PLAINTIFF, SAGNI JIRATA

19. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Sagni Jirata was caused to suffer neck, head, shoulder and back injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sagni Jirata has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sagni Jirata for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future; and

   E. Loss of earnings in the past.

21. By reason of the above, Plaintiff, Sagni Jirata has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sagni Jirata, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Willard P. Conrad
    Willard P. Conrad
    Texas Bar No. 04709500
    Email: wpenn@peoplepc.com
    9898 Bissonnet, Suite 112
    Houston, Texas 77036
    Tel. (713) 777-4077
    Fax. (713) 777-1034
    Attorney for Plaintiff
    Sagni Jirata

Case 4:21-cv-01741   Document 1-2   Filed on 05/26/21 in TXSD   Page 7 of 9

1167041   5/26/2021 3:02 PM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 1

CAUSE NO. 1167041

| | | |
|---|---|---|
| SAGNI JIRATA | § | IN THE COUNTY COURT AT LAW |
|     Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| WAL-MART STORES, INC. | § | |
|     Defendant. | § | |
| | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC, incorrectly sued as Wal-Mart Stores, Inc., files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1.    Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendants in Plaintiff's Original Petition.

### II. Affirmative Defenses

2.    Defendant asserts the affirmative defense of contributory negligence. The actions of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.    Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.    Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5.     Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.     Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.     Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9.     Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS, LLC., Incorrectly sued as Wal-Mart Stores, Inc., respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant Walmart Stores Texas, LLC, incorrectly sued as Wal-Mart Stores, Inc., and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/*Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on May 26, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

HOULITIGATION:1731010.1